UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICHOLAS DAYTER,

                         Plaintiff,

                                                      9:20-CV-1123
v.                                                     (DNH/ML)

ARIEL FALLON, Assistant District Attorney,

                         Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

NICHOLAS DAYTER
  *Pro Se* Plaintiff
1019 Dean Street
Schenectady, New York 12309
(last known address)

EUGENIA K. CONDON, ESQ.                    MICHAEL GOLDSTEIN, ESQ.
Albany County Attorney                           SIA GOOGAS, ESQ.
  Counsel for Defendant                         Assistant County Attorneys
112 State Street, 6th Floor
Albany, New York 12207

MIROSLAV LOVRIC, United States Magistrate Judge

## REPORT and RECOMMENDATION

      Currently before the Court, in this civil rights action filed by Nicholas Dayter ("Plaintiff") against Ariel Fallon ("Defendant"), is Defendant's motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and N.D.N.Y. L.R. 41.2(b). (Dkt. No. 22.) For the reasons set forth below, I recommend that Defendant's motion be granted.

I.  **RELEVANT BACKGROUND**

On September 17, 2020, Plaintiff commenced this action by the filing of a Complaint, accompanied by a motion for leave to proceed *in forma pauperis* ("IFP").  (Dkt. Nos. 1, 2.)  At that time, Plaintiff was confined to Cayuga Correctional Facility ("Cayuga"), located in Moravia, New York.  (Dkt. No. 1.)  On September 24, 2020, Plaintiff filed an Amended Complaint, as of right, which became the operative pleading.  (Dkt. No. 4.)

On October 22, 2020, United States District Judge David N. Hurd issued a decision and order denying Plaintiff's IFP application as moot and directing Plaintiff to, within thirty days, either pay the filing fee or submit an IFP application outlining his current financial condition. (Dkt. No. 5.)

On November 9, 2020, Plaintiff filed a notice of change of address indicating that he had been released from Cayuga and was living in Schenectady, New York.  (Dkt. No. 6.)  On November 25, 2020, Plaintiff filed an amended motion for leave to proceed *in forma pauperis*. (Dkt. No. 7.)

On January 7, 2021, Judge Hurd issued a decision and order that (1) granted Plaintiff's amended IFP application, (2) accepted Plaintiff's Amended Complaint for filing to the extent that it asserted an excessive force claim against Defendant pursuant to the Fourteenth Amendment, and (3) dismissed all other claims without prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  (Dkt. No. 8.)  Judge Hurd's order also included the following caution, "**Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of this action**."  (*Id*. at 13 [emphasis in original].)

On March 11, 2021, Defendant filed an Answer.  (Dkt. No. 10.)  On March 12, 2021, the Court issued a mandatory pretrial discovery scheduling order, which was served on Plaintiff via regular mail.  (Dkt. No. 11.)

On September 16, 2021, Defendant filed a letter motion requesting a court conference to discuss, *inter alia*, Defendant's inability to contact Plaintiff.  (Dkt. No. 15.)  On September 16, 2021, the Court issued a text order directing Plaintiff to respond to Defendant's letter motion on or before October 1, 2021, and cautioning Plaintiff that failure to comply with the Court's directive may result in sanctions being imposed pursuant to Fed. R. Civ. P. 41, including dismissal of the case.  (Dkt. No. 17.)

On October 6, 2021, the Court scheduled a telephone hearing for October 18, 2021 at 10 a.m., directed Plaintiff to comply with the Court's prior text order and file a response to Defendant's letter motion on or before October 13, 2021, and again cautioned Plaintiff that failure to comply with the Court's directive may result in sanctions being imposed pursuant to Fed. R. Civ. P. 41, including dismissal of the case.  (Dkt. No. 19.)

On October 18, 2021, the Court held a telephone hearing but Plaintiff failed to appear.  (Minute Entry dated 10/18/2021.)  The Court ordered Plaintiff to file a status report by October 26, 2021, complying with the Court's text order and explaining why Plaintiff failed to join the telephone conference.  (Dkt. No. 20.)  In addition, the Court scheduled a telephone conference for October 28, 2021, and again cautioned Plaintiff that failure to comply with the Court's directive may result in sanctions being imposed pursuant to Fed. R. Civ. P. 41, including dismissal of the case.  (*Id.*)

On October 28, 2021, the Court held a telephone conference but Plaintiff failed to appear.  (Minute Entry dated 10/28/2021.)  On October 28, 2021, the Court issued a text order advising

Plaintiff that failure to comply with Court orders or engage in the discovery process may result in sanctions being imposed pursuant to Fed. R. Civ. P. 41, including dismissal of the case. (Dkt. No. 21.)

To date, Plaintiff has failed to comply with the Court's text orders and file a response to Defendant's letter motion. (*See generally* docket sheet.)

On December 31, 2021, Defendant filed the instant motion to dismiss for failure to prosecute. (Dkt. No. 22.) The deadline for Plaintiff to respond to Defendant's motion was January 28, 2022. (*Id.*) On January 31, 2022, the Court *sua sponte* granted Plaintiff an extension of time until February 28, 2022, to file a response to Defendant's motion. (Dkt. No. 23.) To date, Plaintiff has not filed a response to Defendant's motion to dismiss. (*See generally* docket sheet.)

## II.  LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO PROSECUTE

For reasons that are self-evident, this Court's local rules require that "[a]ll attorneys of record and *pro se* litigants immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). As one court has observed with respect to this requirement,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility Staff*, 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King*, 84-3310, 1985 U.S. App. LEXIS 31736, at *4 (5th Cir. Mar. 19, 1985)).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[1]  Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. adopting report and recommendation by Lowe, M.J.).  That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  In addition, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff.  *Baptiste*, 768 F.3d at 216-17.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of the following five specific factors: (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate.  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839

---

[1] Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'"  *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J.) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).  Indeed, the local rules of this Court recognize this authority and mandate that the Court exercise it under certain circumstances.  *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

F.2d 930, 932 (2d Cir. 1988)); *see also Shannon v. Gen. Elec.Co.*,186 F.3d 186, 193-94 (2d Cir. 1999).

### III.    ANALYSIS

Plaintiff was specifically informed of the requirement that he update his address with the Clerk of the Court or risk dismissal of his lawsuit, when he was provided with Judge Hurd's decision and order dated January 7, 2021.  (Dkt. No. 8 at 13.)

Based upon careful consideration of the foregoing relevant factors, I conclude that dismissal of Plaintiff's Amended Complaint at this juncture is warranted.  The inability of the Court to communicate with Plaintiff is due solely to his failure to prosecute or to provide the Court with his updated address.  Plaintiff's failure to proceed in this action has a substantial injurious effect on the litigation, and there is no end to Plaintiff's inaction in sight.  Notably, Plaintiff has demonstrated that he is aware of his obligation to notify the court in writing of any changes to his address, having done so previously. (Dkt. No. 6.)

In addition, as noted by Defendant in her motion, pursuant to Local Rule 41.2(a), "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."  (Dkt. No. 22, Attach. 3 at 7-8 [citing N.D.N.Y. L.R. 41.2(a)].)  The last contact that Plaintiff had with the Court was on November 25, 2020, approximately nineteen months ago.  (Dkt. No. 7.)  In addition, Defendant avers that on March 11, 2021, she served on Plaintiff her Answer with Affirmative Defenses, but that the Answer was returned to defense counsel as "unclaimed." (Dkt. No. 15 at 2; Dkt. No. 22, Attach. 2 at 2; Dkt. No. 22, Attach. 3 at 8.)

Despite Plaintiff's awareness of his responsibility, he has failed to provide an updated address to the Court.  (*See generally* docket sheet.)  Given Plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion on the Court's

docket and Defendant's interest in defending against the claims asserted by Plaintiff, outweigh his right to receive a further opportunity to be heard in this matter. As required, I have considered less-drastic sanctions, but reject them as ineffective. For example, I am persuaded that issuing an order reprimanding Plaintiff for his conduct would be futile, given that such an order would, in all likelihood, never reach Plaintiff due to his failure to provide the Court with a current address.

For each of these reasons and those set forth by Defendant in her moving papers (Dkt. No. 22), I recommend that Plaintiff's Amended Complaint be dismissed.

**ACCORDINGLY,** it is

**RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. No. 4) be **DISMISSED** in its entirety, pursuant to Fed. R. Civ. P. 41(b), based on his failure to prosecute and comply with this Court's orders and local rules of practice; and it is further respectfully

**RECOMMENDED** that Defendant's motion to dismiss for failure to prosecute (Dkt. No. 22) be **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Report-Recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[2]

---

[2]   The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.³  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 29, 2022
Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

³  If you are proceeding *pro se* and served with this report-recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).