UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NICHOLAS DAYTER,

        Plaintiff,

      -v-                      9:20-CV-1123

ARIEL FALLON, Assistant
District Attorney,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

NICHOLAS DAYTER
Plaintiff, Pro Se
1019 Dean Street
Schenectady, NY 12309

ALBANY COUNTY             MICHAEL L. GOLDSTEIN, ESQ.
   ATTORNEY'S OFFICE        SIA Z. GOOGAS, ESQ.
Attorneys for Defendant
112 State Street
Albany, NY 12207

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

   On September 17, 2020, *pro se* plaintiff Nicholas Dayter ("plaintiff"), an inmate formerly in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42

U.S.C. § 1983 action against defendant Assistant District Attorney Ariel Fallon. Dkt. No. 1. Along with his complaint, plaintiff sought leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2. Shortly thereafter, plaintiff also filed an amended complaint. Dkt. No. 4.

On October 22, 2020, plaintiff's IFP Application was denied as moot because he had been released from DOCCS' custody. Dkt. No. 5. Plaintiff was given thirty days to either (1) pay the filing fee or (2) submit an IFP Application outlining his current financial condition. *Id*. Plaintiff filed an amended IFP Application on November 25, 2020. Dkt. No. 7.

On January 7, 2021, plaintiff's amended IFP application was granted and plaintiff's amended complaint was accepted for filing to the extent it asserted a Fourteenth Amendment excessive force claim against defendant Fallon. Dkt. No. 8. Plaintiff's other claims were dismissed without prejudice. *Id*.

Notably, plaintiff was warned at that time of his obligation to "promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address" and that his "failure to do so will result in the dismissal of this action." Dkt. No. 8.

On March 11, 2021, defendant joined issue by filing an answer. Dkt. No. 10. However, plaintiff quickly dropped off the radar and became unreachable. After defendant's counsel repeatedly tried and failed to contact

him about the case, U.S. Magistrate Judge Miroslav Lovric intervened: he directed plaintiff to appear for a telephone conference. Dkt. No. 17. Plaintiff did not comply with this order or with Judge Lovric's subsequent efforts to get this action back on track toward a merits resolution. *See, e.g.*, Dkt. Nos. 19, 20, 21. In each of Judge Lovric's orders, plaintiff was warned that his failure to comply would result in sanctions, including the possible dismissal of this action. *Id*.

Even so, plaintiff did not comply. On December 21, 2021, defendant moved under Federal Rule of Civil Procedure ("Rule") 41(b) to dismiss this action based on plaintiff's ongoing failure to prosecute it. Dkt. No. 22. After the deadline expired without a response or opposition from plaintiff, Judge Lovric took the matter under advisement. Dkt. No. 23.

On June 29, 2022, Judge Lovric advised by R&R that defendant's motion to dismiss be granted and that plaintiff's amended complaint be dismissed based on his failure to prosecute and his repeated failure to comply with this Court's orders. Dkt. No. 24.

Plaintiff has not filed objections, and the time period in which to do so has expired. *See* Dkt. No. 24. Upon review for clear error, the R&R will be accepted and adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Defendant's motion to dismiss is GRANTED; and

3. Plaintiff's amended complaint is DISMISSED.

The Clerk of the Court is directed to enter a judgment accordingly and close the file.

IT IS SO ORDERED.

Dated: July 18, 2022
       Utica, New York.

_____
David N. Hurd
U.S. District Judge